# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DEXTER ROBERTSON,**

        **Plaintiff,**

   v.                                             Civil Action 2:19-cv-5665
                                                          Magistrate Judge Jolson

**NISSAN NORTH AMERICA INC., et al.,**

        **Defendants.**

## OPINION AND ORDER

This matter, in which the parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 19), is before the Court on Defendant Germain Nissan's ("Germain") Motion to Dismiss. (Doc. 11). For the reasons that follow, that Motion is **GRANTED**, and Plaintiff's claims are hereby **DISMISSED with prejudice**.

### I.    BACKGROUND

Plaintiff Dexter Robertson, who is proceeding in this matter *pro se*, filed his Complaint against Defendants Nissan North America, Inc. ("Nissan"), Hugh White Nissan of Athens, and Germain Nissan on December 31, 2019. (Doc. 1). Plaintiff alleges that he purchased a Nissan Maxima Platinum in July 2015. (*Id*., ¶ 3). Within a month of that purchase, Plaintiff allegedly received a phone call from Mr. Stonerock, a manager of a Nissan dealership in Athens, Ohio, informing him that "[t]here was a serious problem with your Maxima that occurred at our Tennessee Nissan assembly line," that the issue involved "the gas tank area," and that Plaintiff "need[ed] [] to return the car back to the dealership as soon as possible." (*Id*., ¶ 4 (internal quotation marks omitted)). Plaintiff then reached an alleged "agreement" with Mr. Stonerock, by which Plaintiff would return his current vehicle to the Lancaster dealership in exchange for a replacement Maxima "with additional amenities." (*Id*., ¶ 7).

But on the morning of the purported vehicle swap, Mr. Stonerock allegedly reneged on his

side of the deal. (*Id.*, ¶ 8). Instead of a swap, Mr. Stonerock represented that Nissan would send the necessary replacement parts to the nearest Nissan dealership. (*Id.*). Shortly thereafter, Nissan sent the parts to Germain in Columbus, Ohio, which repaired Plaintiff's vehicle within three days. (*Id.*, ¶ 12). Plaintiff alleges that he began to experience issues with his new vehicle and became a frequent customer at Germain's service department. (*See id.*, ¶¶ 19–27).

For relief, Plaintiff states simply that "[s]ince the Nissan vehicle was not in paramount condition when it left the factory; I am requesting the court hold the Nissan Corporation and its 2 Ohio dealerships liable to the plaintiff." (*Id.* at 10).

Germain moves to dismiss Plaintiff's Complaint under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. (*See generally* Doc. 11). As for its Rule 12(b)(1) challenge, Germain asserts that the statute on which Plaintiff relies for relief, the Federal Motor Vehicle Safety Act, 49 U.S.C. § 30101 *et seq.* (the "Safety Act") does not provide private citizens, like Plaintiff, with a federal cause of action. (*See* Doc. 11 at 2–5). Germain also notes that nor is there diversity jurisdiction becausePlaintiff and Germain are both Ohio citizens. *See* 28 U.S.C. § 1332.

The Court agrees. And as the Court does not have subject-matter jurisdiction over Plaintiff's claims, it need not consider Germain's alternative arguments on the merits.

**II.     STANDARD**

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to move to dismiss for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Jurisdictional challenges under that Rule come in two forms—facial and factual. *See Gordon v. United States*, No. 2:05-CV-1011, 2007 WL 710231, at *2 (S.D. Ohio Mar. 6, 2007) (citing *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004)). Here, Germain has raised a facial challenge because it asks the Court to decide, as a matter of law, whether a federal statute provides Plaintiff with a private cause of action. (*See* Doc. 11 at 2–5). As such, the Court need not look outside the pleadings to decide whether it has jurisdiction, and it must consider all of Plaintiff's allegations as true. *See Gordon*, 2007 WL 710231, at *2 (citing *DLX, Inc.*, 381 F.3d at 516).

Ultimately, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *King v. Corp. of U.S. of Am.*, No. 05 CV 72849 DT, 2005 WL 3320866, at *1 (E.D. Mich. Dec. 7, 2005) (citing *Mich. S. R.R. Co. v. Branch & St. Joseph Ctys. Rail Users Ass'n., Inc.*, 287 F.3d 568, 573 (6th Cir. 2002)).

### III. DISCUSSION

As noted, Plaintiff seems to be suing Defendants for allegedly violating the Safety Act. (*See generally* Doc. 1). But that statute cannot provide Plaintiff relief. Rather, it sets forth mandatory procedures by which a manufacturer must notify the Secretary of Transportation as well as owners, purchasers, and dealers of the vehicle when it learns of a defect and decides in good faith that the defect is related to motor vehicle safety or that it does not comply with applicable safety standards. *See* 49 U.S.C. § 30118(c). It also details how a manufacturer can remedy a defect, by, for example, replacing or repairing the vehicle. *See id*. at § 30120(a).

But one thing the Safety Act does not do is provide private citizens with a federal cause of action. Federal courts have consistently said so. *Bartholf v. Gen. Motors*, No. 5:18-CV-35-TBR, 2018 WL 1614122, at *3 (W.D. Ky. Apr. 3, 2018) (collecting cases); *see also In Re Ford Motor Co. Crown Victoria Police Interceptor Prod. Liab. Litig.*, No. 102CV15000, 2004 WL 1170145, at *6 (N.D. Ohio May 19, 2004) (noting that the Safety Act does not create a private cause of action for safety-related defects).

One need not look further than the text of the statute to confirm this result. It expressly directs private citizens to rely on "other federal laws of the United States," state statutes, or common law when seeking redress for safety-related defects in motor vehicles. *See* 49 U.S.C. § 30103(d), (e).

Plaintiff, in response, relies on several cases to which he was a party to argue that the Court has jurisdiction here. (*See* Doc. 13 at 2–3). But these cases do not help Plaintiff. Each involve claims under the Equal Credit Opportunity Act ("ECOA"), which, unlike the Safety Act, provides private citizens with a federal cause of action. *See, e.g.*, *Robinson v. Maxwell Fed. Credit Union*,

3

No. 2:14-CV-601, 2015 WL 300486, at *1 (S.D. Ohio Jan. 22, 2015) (noting that Plaintiff, who brought his case under the ECOA, alleged that Defendant discriminatorily charged him excessive interest rates because of his race). Therefore, despite Plaintiff's claim that he "strongly believe[s] [his] case needs to continue to go forward as did [his] [other] federal lawsuit," (Doc. 12 at 3), this case is different from his other cases. As explained, the ECOA provided Plaintiff with a federal cause of action—the Safety Act does not.

At bottom, "[f]ederal courts are not courts of general jurisdiction." *Carter v. Delaware Cty. Bd. of Comm'rs*, No. 2:07-CV-1189, 2009 WL 544907, at *3 (S.D. Ohio Mar. 3, 2009). "They have only the power authorized by Article III of the Constitution and conferred by acts of Congress." *Id*. (citation omitted). And while *pro se* complaints are held to more liberal pleading standards, *see Bey v. City of Delaware, Ohio*, No. 2:19-CV-3582, 2019 WL 3936711, at *1 (S.D. Ohio Aug. 20, 2019), *report and recommendation adopted*, No. 2:19-CV-3582, 2019 WL 4861894 (S.D. Ohio Oct. 2, 2019), "[j]urisdiction is a prerequisite to a court ruling on the merits of a case," *Carter*, 2009 WL 544907, at *3. Without it, "'the court cannot proceed at all in any cause'" and "'the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Carter*, 2009 WL, at *3 (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)).

Because this Court does not have subject-matter jurisdiction over Plaintiff's claims, the Court must dismiss his case in its entirety.

## IV.   CONCLUSION

For the foregoing reasons, Germain's Motion to Dismiss (Doc. 11) is **GRANTED**.

IT IS SO ORDERED.


Date:   March 5, 2020                               /s/ Kimberly A. Jolson
                                                    KIMBERLY A. JOLSON
                                                    UNITED STATES MAGISTRATE JUDGE